## LIBBY *versus* COWAN & *als.*

By 33d rule of this Court, it is ordered, that "in actions on promissory notes, orders or bills of exchange, the counsel of the defendant will not be permitted to deny at the trial, the genuineness of the defendant's signature, unless he shall have been specially instructed by his client, that the signature is not genuine, or unless the defendant being present in Court, shall deny the signature to be his, or to have been placed there by his authority."

This rule is neither repugnant to law, nor against sound policy, and may rightfully be enforced in the trial of matters embraced within it.

Thus, in a suit upon a promissory note, the plea of the general issue, will not require the plaintiff to prove the signature, unless it is otherwise denied.

On EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT, on a promissory note.

When the plaintiff proposed to read the note, the defendants' attorney objected, without proof of the signature, but would not say he was specially instructed to deny the genuineness thereof. The Court overruled the objection, and permitted the note to be read to the jury.

Thereupon the defendants' counsel requested the instruction, that the defendants having pleaded the general issue, and thereby put in issue the genuineness of the note, the plaintiff has not made out his case, without proof of the signatures to the note.

The Court declined to give those instructions, but did say to them, that the plaintiff having read his note, the presumption of law, in the absence of any other evidence, was, that it was a genuine note, and it would be their duty to find a verdict for plaintiff.

*Lancaster & Baker*, for defendants.

*Bradbury & Morrell*, for plaintiff.

HOWARD, J. —— This Court has been authorized, from its organization, to establish and record such rules and regulations, not repugnant to law, as may be necessary, respecting the modes of trial and conducting business, in relation to suits at law and in equity. R. S. c. 96, § 9; Statute of 1821, c. 54, § 4.

Rules and regulations, now in force, were ordained and established, in pursuance of this authority, in 1822. Among which, that numbered 33, entitled, "of the denial of signatures," so far imposes restrictions upon the counsel for the defendant, in actions on promissory notes, orders, and bills of exchange, as not to permit him to deny at the trial, the genuineness of the defendant's signature to the instrument in suit, unless he shall have been specially instructed by his client that it is not genuine, or unless the defendant, being present in Court, shall deny the signature to be his, or to have been authorized by him.

It has been held that this rule is neither repugnant to law, nor against sound policy. It deprives the defendant of no rights, and adopts no new rule of evidence, but has been found to be convenient, and salutary in preventing delay, and avoiding the accumulation of unnecessary costs and expenses. It is both right in principle, and safe in its practical operation in proceedings in Court. *McDonald* v. *Bailey*, 14 Maine, 101. In *Sellars* v. *Carpenter*, 27 Maine, 497, the 34th rule, respecting the admission of office copies of deeds in evidence, was sustained against objections, upon similar grounds.

The instructions of the presiding justice were in conformity with the 33d rule referred to, and not against law. The signature to the note sued not being denied, it might be regarded, in the absence of evidence to the contrary, as genuine. The requested instructions were, therefore, properly withheld.                    *Exceptions overruled.*

Shepley, C. J., and Wells and Hathaway, J. J., concurred.